## IN RE McFARLAND'S ESTATE.

PROBATE LAW—*Administrators.*—Where a decree of distribution of an estate of the value of fifteen thousand dollars had been made and the final account of the administrator approved, and himself and his bondsmen discharged in less than two months after the granting of letters of administration, and it also appeared that no inventory or appraisement had ever been made or notices to heirs given by mailing the same in addition to publication, the proceedings will be annulled and the administration of the estate re-opened for regular administration.

ADMINISTRATORS— *Costs.*—In the case at bar the costs of such irregular proceedings and of appeal to the Supreme Court were ordered taxed against the administrator personally.

*Appeal from Third Judicial District, Deer Lodge County.*

The order of distribution was made by DURFEE, J.

*Forbis & Forbis,* for Appellant.

*Thompson Campbell,* and *Robinson & Stapleton,* for Respondent.

HARWOOD, J.—The appeal herein is from an order of distribution of the estate of Elizabeth McFarland, deceased. The appeal is prosecuted on behalf of Hannah De Long and others, who claim to be heirs at law of decedent.

The record before us is certified by the clerk of the court below to contain all records, files, and proceedings had in that court in reference to the estate of decedent; and from the record it appears that said Elizabeth McFarland died, at the county of Deer Lodge, State of Montana, on the first day of November, A. D. 1889; that on the fifth day of December, 1889, a petition was filed in the District Court within and for said county by Wilbur N. Aylesworth, representing to the court that said Elizabeth died as aforesaid, leaving an estate in Montana, consisting of real and personal property, of the value of about fifteen thousand dollars; and also that decedent left a last will and testament, which was tendered with said petition, and the probate thereof asked, together with the appointment of Orren Emmerson as administrator of said estate with the will annexed; that on December 28, 1889, said petition was heard, and the said last will and testament of decedent was proved and admitted to probate, and letters of administration were issued to said Orren Emmerson by order of said court.

Nothing further appears to have been done in the matter of said estate until about a month after the probate of said will, and the issuance of such letters of administration with the will annexed, when on January 23, 1890, said administrator filed in said court his petition praying for a decree construing the will of decedent, and an order of distribution of the estate according to the devises and bequests of the will; and that if the whole of said estate was not devised by said will, that the court determine what portion of said estate be divided amongst the heirs at law of decedent, and make an order for the distribution of the same.

It appears that all the heirs at law of decedent were not known to petitioner when the petition asking for the probate of the will was filed, because it is alleged in that petition that the next of kin to decedent of whom petitioner was advised "is Hannah De Long of Brooklin, Ontario, Canada, and John Fisher of Walkertown, Yorkshire, England;" while in the petition for distribution of said estate it is alleged that "the next of kin of said Elizabeth McFarland, deceased, are her brothers and sisters, to wit, John Fisher, brother, Mrs. Hannah De Long, sister, and Samuel H. Fisher, now deceased; that said Samuel H. Fisher left him surviving Isabella Fisher, his widow, and four children, to wit, Mrs. Kate Gee, Mary Ann Sadler, William Fisher, and John Fisher." It is not shown where such additional heirs at law reside, nor is it shown that their residence was unknown to the administrator.

Upon the presentation of the petition for distribution of said estate, and the construction of said will, the court made an order setting the same for hearing on February 8, 1890; and ordered that all persons interested in the estate be and appear on that day, and show cause "why said administrator's account should not be allowed, and an order that the residue of said estate remaining in the hands of said administrator be decreed to be the property of the devisees named in the will of said testatrix," and that a copy of said order "be published in the Silver State, a weekly newspaper published in said county, by two insertions of said order."

The next proceeding in said estate was the hearing of the petition for distribution, set down for hearing as aforesaid, on

the 8th of February, 1890. And upon said hearing, an order and decree was made, construing the will of decedent, and ordering the estate distributed to Wilbur N. Aylesworth, and to the estate of David H. McFarland, deceased, the said Aylesworth and David H. McFarland being legatees named in the said will of Elizabeth McFarland, decedent. It was further ordered that upon the said administrator delivering over the estate of decedent as provided by said order, the administration of said estate "shall be declared fully settled and closed, and said administrator and his bondsmen shall be released from any further duties or trusts."

No appearance was made at said hearing, nor during any other proceedings in said estate, by any of said heirs at law of decedent.

It is contended on behalf of appellants that the procedure had in this summary administration and distribution of said estate was irregular and unlawful, and therefore that the said decree construing decedent's will and order of distribution of said estate should be set aside and vacated, because the same was premature, and because other requirements of the statute in the administration of said estate were not complied with; such as making an inventory and appraisement of said estate, and the giving of due notice to heirs at law by mailing of notices, in addition to the publication, and waiting the time required by statute before ordering the distribution of said estate. It is further contended on behalf of appellants that the construction of the will of decedent was erroneous; and that the distribution of the estate thereunder was not in accordance with the provisions of law applicable to the facts before the court when the order was made. The point is made that, as appeared to the court, and as shown by the record here, said David H. McFarland, one legatee under the will of Elizabeth McFarland, died prior to the death of Elizabeth, and that the bequest to him lapsed, and should not have been distributed to the estate of David H.

We shall not at this time discuss, or undertake to determine the point presented as to the construction of said will. Upon a proper hearing before the court below, with the parties represented, it may be that then with such light as is brought to the consideration of the court, a satisfactory construction of the will of decedent will be made.

It suffices for the disposition of this appeal to find, as we have from a review of the record, that there has been no regular procedure in the administration of said estate subsequent to the issuance of the letters. The irregularities complained of are apparent from the record. There is no law which authorizes such procedure in the administration and disposition of an estate, as appears to have been had in this instance.

The heirs of decedent, and all legatees, devisees, creditors, guardians, and others who may be in any way interested in an estate, and their counsel, have a right to presume that the requirements of the statute will be fulfilled in the administration thereof; and they have a right to presume that no final distribution thereof will be made until such intermediate proceedings have been had, and the period fixed by statute for the distribution has arrived; and such interested parties have a right to the time provided by law, for the orderly procedure in the administration of an estate, or the execution of a will, to appear and make a showing of their claims and interests.

The earliest period at which the law provides for even a partial distribution to "heir, devisee, or legatee" is "after the lapse of four months from the issuing of letters testamentary or of administration;" and this distribution is made upon the distributee giving bond as required. (§ 284, Prob. Prac. Act.) There are provisions for the summary settlement of estates, where the value of the whole estate does not exceed the amount allowed to the widow and minor children for their support; also for the settlement of the estate "at the end of six ths after issuing of letters," where the whole estate does not eed three thousand dollars in value. (§ 138, Prob. Prac. .) There is a further provision for the settlement of an te "at the end of six months from the date" of an order for al settlement; which order may be made when it appears om the "inventory and appraisement that the estate of a deeased person does not exceed five hundred dollars." (§ 558, Prob. Prac. Act.) These provisions for settlement of small estates require regular proceedings until the return of the inventory and appraisement, whereby is shown the value and condition of the estate. But in the case before us, as appears from the record, no inventory and appraisement were ever returned.

However, it appeared by the petition for letters, and from evidence on the hearing for the probate of the will of decedent, that she left an estate of the value of fifteen thousand dollars.

The requirements of the Probate Code are so plain and specific, we think the irregularities shown in this case are inexcusable, and that the cost involved thereby, including the costs of this appeal, ought to be taxed against said administrator personally, and it will be so ordered.

Ordered, that the decree of the court below construing the will of decedent, ordering distribution of the estate, and approving the final account of said administrator, and discharging him and his bondsmen, and declaring said estate closed, be and the same are hereby set aside and wholly annulled; and that the administration of said estate be re-opened by the court below; and the administration, settlement, and distribution thereof, subsequent to the issuance of letters of administration with the will annexed, be proceeded with in the manner provided by law. And it is further ordered that all costs involved in the irregular proceedings in said estate, subsequent to the issuance of letters of administration, with the will annexed, which proceedings are set aside by this order, including the costs of this appeal, be taxed against said Orren Emm·· ·on personally, and that such costs be not suffered to stand a; .. charge against said estate.

BLAKE, C. J., and DE WITT, J., concur.